## AS TO THE FILING OF AN INTERPLEADER.

Court of Appeals for Hamilton County.

### TUKE ET AL v. MANCHESTER.

Decided, March 15, 1915.

*When Interpleader Should be Filed—Discretion of Court in Granting Leave to File After the Issues Have Been Made—Judgment for Plaintiff on the Pleadings.*

1. Section 11265, General Code, contemplates the filing of an affidavit of interpleader before the issues have been made by the filing of an answer, and while a court may have authority to permit the withdrawal of the answer in order to permit the filing of an affidavit of interpleader, such action would be entirely within its judicial discretion and error does not lie to a refusal so to do in the absence of a showing of abuse of discretion.

2. Judgment for plaintiff on the pleadings in an action to recover money advanced upon a real estate transaction will not be reversed where the petition avers that plaintiff authorized her agent to offer $2,500 for certain property, advancing $400 to apply on the purchase price; that the agent accepted a receipt for the money paid, stating that the property was sold to plaintiff for $2,500 and payment of the June taxes; the plaintiff revoked her agent's authority and demanded return of the money advanced, no denial of the revocation being made and no averment being made in defendants' pleadings that plaintiff's agent had any authority to make or accept any other offer for sale than upon the basis of $2,500.

*Clement Bates*, for plaintiffs in error.
*Charles Sawyer* and *Peck, Shaffer & Peck*, contra.

(Judges of the Sixth Appellate District sitting in place of those of the First Appellate District.)

CHITTENDEN, J.

The plaintiff below, Mary A. Manchester, brought an action against the defendants, Fred Tuke and others, to recover $400 which she had theretofore paid to them in pursuance of a real estate transaction. The defendants filed an answer and later an

amended and supplemental answer. A motion for judgment on the pleadings was thereupon filed by the plaintiff, which motion was granted. The defendants then made a motion to permit the withdrawal of their amended and supplemental answer and for leave to file an affidavit of interpleader. This motion was overruled, and the defendants prosecute error to this court.

We find no error in the action of the common pleas court in refusing leave to file the affidavit of interpleader after the defendant had filed an answer and an amended and supplemental answer. The provisions of Section 11265, General Code, contemplate the filing of such affidavit before the issues are made by the filing of an answer. The court may have had the right to permit the withdrawal of the answers and the filing of the affidavit of interpleader, but this was a matter entirely within the judicial discretion of the court and we find that its action constituted no abuse of such discretion.

The more difficult question arises in determining whether the judgment entered upon the pleadings was properly entered. A majority of the court are of opinion that there was no error in granting the motion for judgment on the pleadings. The pleadings, as viewed by a majority of the court, show, in substance, that the plaintiff authorized her agent, Sadie Meyer, to offer $2,500 for certain real estate, and placed in her hands $400 to be paid as part of the purchase price of such property if the sale should be consummated. This offer was submitted to Tuke & Son, agents for the owner of the real estate, and their principal agreed to sell the property for $2,500, with the further provision that Mrs. Manchester was to pay the June taxes. Thereupon Sadie Meyer paid the $400 to Tuke & Son, and took their receipt for the same, which receipt set out that the property had been sold to Mrs. Manchester for $2,500, she to pay the June taxes. Mrs. Manchester avers that the sale upon her proposition was never consummated, and we find no averment in the pleadings to the effect that Sadie Meyer had any authority to make or accept any other offer of sale than upon the basis of $2,500. The petition further alleges, and this averment is not denied, that she revoked all further authority of the agent and

made demand for the return of the $400. While the pleadings are not as definite as could be wished, a majority of the court are of the opinion that they justify the judgment entered by the trial court.

Finding no error in the record sufficiently prejudicial to justify a reversal of the judgment, a majority of the court are of the opinion that the judgment should be and the same hereby is affirmed.

Judgment affirmed.

RICHARDS, J., concurs.

KINKADE, J., dissenting.

In my opinion the state of the pleadings was not such as to justify a judgment being entered in favor of the pleadings thereon.